UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BENJAMIN SCHWARTZ,

       Plaintiff,

   -against-

I.C. SYSTEM, INC.,

       Defendant.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-5173 (DLI)(LB)

**DORA L. IRIZARRY, Chief United States District Judge:**

  On August 12, 2016, Plaintiff Benjamin Schwartz ("Plaintiff") filed the instant action in the Civil Court of the City of New York, County of Kings, against I.C. System, Inc. ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* On September 16, 2016, Defendant removed the action to this Court. (*See* Notice of Removal, Dkt. Entry No. 1.) Plaintiff alleges that Defendant, a debt collector, impermissibly collected from Plaintiff a 5.5% collection fee. (*See* Complaint ("Compl."), Dkt. Entry 1, Ex. A.)

  Defendant moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for dismissal of the Complaint on the grounds that there is no genuine dispute as to any material fact that would entitle Plaintiff to the relief requested in the Complaint. (*See* Motion for Summary Judgment ("Mot."), Dkt. Entry No. 16.) Plaintiff opposed the motion, (*See* Memorandum in Opposition ("Opp."), Dkt. Entry No. 18.), and Defendant replied. (*See* Reply in Support ("Reply"), Dkt. Entry No. 17.) For the reasons set forth below, Defendant's motion for summary judgment is denied.

## BACKGROUND

Plaintiff, a New York resident, incurred a debt of $3,264.25 with Con Edison. (*See generally,* Compl.) On November 20, 2015, Con Edison placed Plaintiff's account with Defendant to collect the debt. (*See* Declaraction of Michael Selbitschka in Support of Motion for Summary Judgment ("Decl.") ¶ 3-4, Dkt. Entry No. 16, Ex. 1.) On November 26, 2015, Defendant sent Plaintiff a collection letter ("Letter"). (Compl. ¶ 10.) The Letter included a textbox with the heading "Payment Options," which listed three methods of payments. The first payment option featured a QR code icon and directed Plaintiff to "[m]ake online payment at: www.yourpayment.com." The second payment option featured an envelope icon and directed Plaintiff to "[m]ail check or money order payable to I.C. System, Inc." The third payment option featured a phone icon and directed Plaintiff to "[c]all us." The Letter made no reference to fees associated with making an online payment. (*See* Statement of Undisputed Material Facts ("Rule 56.1 Statement") ¶ 7, Dkt. Entry No. 16, Ex. 4; Plaintiff's Counter Statement of Material Facts ("Rule 56.1 Counter Statement"), ¶ 7, Dkt. Entry No. 18, Ex. 3.)

Plaintiff chose the first payment option, the online payment method. When Plaintiff entered "www.yourpayment.com" into his browser, he was redirected automatically to pay.icsystem.com, a website featuring Defendant's information and logo. (Opp. at 10-11.) When Plaintiff made his payment on this website, he was charged a 5.5% debit processing fee. (Compl. ¶ 12.) Plaintiff alleges that he did not agree to such a collection charge. (*Id.*)

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view all facts in the light most favorable to the nonmoving party,

but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party, however, may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.,* 156 F. 3d 396, 400 (2d Cir. 1998). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F. 3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Grp., Inc.*, 859 F. 2d 1108, 1114 (2d Cir. 1988)).

## DISCUSSION

### I. FDCPA

The FDCPA was enacted to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382, at 1696 (1977). "[B]ecause the FDCPA is primarily a consumer protection statute, we must construe its terms in liberal fashion to achieve the underlying Congressional purpose." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (internal citations and quotations omitted). To determine whether a given communication runs afoul of the FDCPA, courts apply an objective standard measured by how the "least sophisticated consumer" would interpret the communication. *See Clomon v. Jackson*, 988 F.2d 1314, 1318-20 (2d Cir. 1993).

Section 1692e of the FDCPA prohibits a "debt collector" from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." The sixteen subsections of § 1962e set forth a non-exhaustive list of practices that fall within this ban. *Avila*, 817 F.3d at 75.

Section 1629f of the FDCPA states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1629f. Section 1629f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." A debt collection agency "may impose a service charge if (i) the customer expressly agrees to the charge in the contract creating the debt or (ii) the charge is permitted by law." *Tuttle v. Equifax Check*, 190 F.3d 9 (2d Cir. 1999).

This District has permitted § 1692f claims when a debt collector collects or attempts to collect processing or transaction fees. *See Campbell v. MBI Associates, Inc.,* 98 F. Supp.3d 568 (E.D.N.Y. 2015) (granting plaintiff's summary judgment motion on a § 1692f claim where the collection letter stated, "[t]here will be a $5.00 processing fee for all credit cards."); *Quinteros v. MBI Associates, Inc.,* 999 F. Supp.2d 434 (E.D.N.Y. 2014) (finding that plaintiff stated a § 1692f(1) claim where the collection letter stated, "[t]here will be a $5.00 processing fee for all credit cards or checks over the phone."); *Shami v. Nat'l Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept. 23, 2010) (denying motion to dismiss a § 1692f(1) claim where the collection letter stated, "[t]ransaction fees will be charged if you use the automated phone system or the internet to make payment on this account.").

4

**II.     Defendant's Arguments**

Defendant argues that this Court should not follow the case law in this district permitting § 1692f claims for processing and transaction fees because: (1) the Letter did not reference the 5.5% debit processing fee; (2) the 5.5% debit processing fee is akin to the cost of a stamp or an envelope, and thus not "incidental" to the principal balance of the debt; and (3) Defendant did not collect the 5.5% debit processing fee, rather a third-party company collected the fee. (Mot. at 1, 8-9.)

Explicit reference to a processing fee in a collection letter is not necessary to show that a defendant has attempted to collect a debt. If a collection letter directs a debtor to a website which charges a processing fee, then the fact that the collection letter itself did not disclose the fee is not dispositive of whether the defendant attempted to collect an impermissible fee under § 1692f(1). *See Datiz v. International Recovery Associates, Inc.* 2016 WL 4148330 (E.D.N.Y. August 4, 2016) (dismissing a 1692f(1) claim against a defendant who sent a collection letter to plaintiff because, even though the defendant maintained a website that charged consumers a $3.00 processing fee, the collection letter "[made] no mention of a processing, *nor [did] it refer the Plaintiff to the Defendant's website.*") (emphasis added). This analysis is consistent with the FDCPA, which defines "communications" as the conveying of information regarding a debt directly *or indirectly*. *See* § 1692a(1). Here, while the Letter did not reference the 5.5% debit processing fee specifically, the Letter prominently featured the online payment option, which ultimately charged Plaintiff a transaction fee.

Contrary to Defendant's assertions, the debit processing fee is incidental to the principal balance of the debt. Defendant argues that the 5.5% debit processing fee is "simply the cost a consumer incurs for retaining a carrier to deliver a payment." (Mot. at 9.) Defendant likens the

fee to the cost of an envelope or a stamp. (*Id.*) However, Defendant overlooks key differences between the debit processing fee and a stamp: (1) the debit processing fee could have amounted to hundreds of dollars, whereas a postage stamp is currently 49 cents; (2) a debtor who purchases a stamp does so on his own, the 49 cents is not collected by or channeled through the debt collector; and (3) the cost of a stamp is fixed, whereas a debit processing fee framed as a percentage of the debt is tied to that debt and therefore incidental to the debt, as opposed to incidental to the process of submitting a payment.

In *Campbell*, the court found that, "there is no need to consider whether [a] processing fee is incidental to the principal obligation" because the processing fee "is an amount," and by its terms, §1692f(1) prohibits the collection of any amount which is not expressly authorized by the agreement creating the debt or permitted by law, including any interest, fee, charge or expense incidental to the principal obligation." 98 F. Supp.3d at 582. Here, too, even if the 5.5% debit processing fee was not incidental to the principal obligation, it is an "amount" under § 1692f(1).

Finally, Defendant asserts that it did not collect the 5.5% debit processing fee and received no portion of that fee. (Mot. at 1-2.) Rather, Defendant alleges that the fee is paid directly to a third-party vendor, PNS. (*Id.* at 2.) In support of its assertion, Defendant submits the declaration of its Director of Operations for National Accounts. Plaintiff disputes Defendant's assertion and alleges that Defendant collected the 5.5% debit processing fee. (Rule 56.1 Counter Statement at ¶ 12-14.) Whether Defendant collected the processing fee is a genuine issue of material fact. The parties do not agree and the source of the website that captures the fee is not clear. The Court cannot grant summary judgment to Defendant with a material fact in dispute.

### III. Second Circuit Case Law

The Second Circuit has not addressed the precise issue before the Court. However, in a recent decision, *Avila v. Riexinger & Associates, LLC*, the Second Circuit confronted analogous legal questions on a § 1692e claim. 817 F.3d at 72. The question presented was whether a collection notice that stated a consumer's current balance, but did not disclose that the balance may increase due to interest and fees, complies with § 1692e's prohibition against using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* at 74. The court found that "[a] reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice." *Id.* at 76. The court held that, "the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Id.* The court concluded that its holding "best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e." *Id.*

While Plaintiff could have paid his debt in full by paying the amount listed in the Letter, the first advertised payment option actually charged Plaintiff 5.5% more than the amount listed, and nothing in the Letter warned Plaintiff that this would happen. Five and a half percent of a debt is not a nominal fee and cannot be omitted from a collection letter without misleading the "least sophisticated consumer." *See Id.* at 75.

### CONCLUSION

In accordance with the foregoing, Defendant's motion for summary judgment is denied.

SO ORDERED.

Dated: Brooklyn, New York
       March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge